| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>LUIS G. MIRANDA SALGADO<br><br>Parte Peticionaria | KLCE202401299 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso núm.:<br>BSC2024G0057<br><br>Sobre:<br>Art. 401 Ley 4 |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de enero de 2025.

Compareció ante este Tribunal la parte peticionaria, Sr. Luis G. Miranda Salgado (en adelante, el "señor Miranda Salgado" o "Peticionario"), mediante petición de *Certiorari* presentada el 2 de diciembre de 2024. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito (en adelante, el "TPI"), el 28 de octubre de 2024.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* ante nos.

**I.**

Por hechos acecidos el 28 de noviembre de 2023, el Ministerio Público presentó una denuncia contra el señor Miranda Salgado por infracción al Artículo 401 de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como la "Ley de Sustancias Controladas de Puerto Rico", 24 LPRA sec. 2401.

Luego de varias incidencias procesales, el 9 de agosto de 2024, el Peticionario radicó ante el foro *a quo* una "**Solicitud de Supresión de Evidencia al amparo de la Regla 234 de Procedimiento Criminal y del debido proceso de ley**". Sostuvo que procedía la supresión de la evidencia que el Ministerio Público se disponía a utilizar en su contra, pues fue producto de un arresto y

registro ilegal. El 28 de agosto de 2024, el Ministerio Público presentó una "**Moción en Oposición a Supresión de Evidencia**". Argumentó que procedía la denegatoria de dicho petitorio bajo el fundamento de que el agente del orden público que efectuó los mismos tenía una orden de allanamiento de la residencia del Peticionario. Además, expuso que la actuación del Estado de poner bajo arresto al señor Miranda Salgado fue razonable y conforme a derecho.

Así el trámite, el 25 de octubre de 2024, se celebró la vista de supresión de evidencia. Luego de evaluar la prueba presentada, el 28 de octubre de 2024, el TPI emitió una *Resolución* mediante la cual denegó la solicitud de supresión interpuesta por el Peticionario. Razonó que a la luz de los hechos del caso y de conformidad con la credibilidad que le supuso el testimonio de la Agente Lymaira Berríos Mercado, existían motivos fundados para creer que el señor Miranda Salgado había cometido un delito en su presencia que justificó el arresto. Además, expresó que la prueba cuya supresión se buscaba fue la misma que el Peticionario arrojó en un inodoro durante la intervención. Dicha determinación fue objeto de una solicitud de reconsideración que fue denegada por el foro primario.

Inconforme con el resultado, el señor Miranda Salgado presentó el recurso que nos ocupa, mediante le cual le imputó al TPI la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al declarar no ha lugar la moción de supresión de evidencia, incurriendo en error manifiesto y obrando con pasión, perjuicio y parcialidad, dando credibilidad al testimonio de la agente Berríos que fue ampliamente impugnado con declaraciones anteriores y un video que muestra claramente la incompatibilidad de las versiones dadas por la agente y la mendacidad de las mismas.

El 20 de diciembre de 2024, compareció el Estado mediante "**Solicitud de Desestimación y Escrito en Cumplimiento de Orden**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal

excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR __ (2023); 2023 TSPR 145. Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean

arbitrarias o en abuso de su discreción. <u>SLG Flores, Jiménez v. Colberg</u>, 173 DPR 843 (2008).

**III.**

En el presente caso, el Peticionario nos solicita que intervengamos con la apreciación de la prueba que le mereció al TPI el testimonio de la agente Berríos Mercado y concluyamos que procedía la supresión de la prueba de la evidencia incautada durante su arresto.

Tras la evaluación exhaustiva del expediente ante nuestra consideración, incluyendo la grabación de los procedimientos acaecidos durante la vista de supresión de evidencia, encontramos que el foro *a quo* no indició ni se desprende del expediente ante nos que haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco el Peticionario demostró que el TPI abusara de su discreción, actuara con perjuicio o cometiera un error manifiesto en su determinación. De igual manera, no entendemos que la prueba no concordara con la realidad fáctica, fuera increíble o imposible.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la *Resolución* recurrida y tampoco hallamos fundamentos legales alguno que ameriten la expedición el auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* ante nos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Salgado Schwarz disiente con voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>LUIS G. MIRANDA SALGADO<br><br>Peticionario | KLCE202401299 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br>_____<br>Crim. Núm.: BSC2024G0057<br>_____<br>SOBRE:<br>INFR. ART. 401 SC |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

## OPINIÓN DISIDENTE DEL JUEZ CARLOS G. SALGADO SCHWARZ

En San Juan, Puerto Rico, a 15 de enero de 2025.

Mediante la denegatoria del recurso de *Certiorari* presentado por el Sr. Miranda Salgado, mis hermanos en el sacerdocio jurídico le dan deferencia a la apreciación de prueba realizada por el foro *a quo*, ignorando la orientación jurídica que nos dejara el Honorable Juez Asociado Rubén Serrano Geyls hace 63 años: "Los jueces no debemos, después de todo, ser tan inocentes como para creer declaraciones que nadie más creería".[1]

La agente Lymaira Berríos Mercado, durante su declaración en la vista de supresión de evidencia, declara que llegó junto a los compañeros de arrestos especiales; que cuando entró **junto a sus compañeros** a la marquesina, pudo observar que estaban sentados los ocupantes de la casa, a saber, una dama y dos caballeros. Y que cuando la agente se identifica como tal, uno de

_____
[1] *Pueblo v. Luciano Arroyo*, 83 DPR 573, 582 (1961)

Número Identificador

RES2025_____

los caballeros, el aquí peticionario, se levanta y corre hacia el interior de la residencia, hasta llegar al baño, donde lanzó una carterita color amarilla dentro del inodoro, todo sin perderlo de vista.

Una vez lo pone bajo arresto, ocupa lo lanzado y puede apreciar que en el interior de la carterita había sustancia controlada. Durante el Registro y Allanamiento de la propiedad en cuestión, no ocuparon material delictivo alguno.

Cuando se le confronta a la testigo con el video tomado por la cámara de seguridad, el cual fue estipulado por el Ministerio Público, se puede apreciar que una vez llega el "entry team", se bajan de los vehículos de siete a ocho oficiales del orden público, al menos tres con armas largas, los que no, con su arma de reglamento y uno de ellos con el artefacto utilizado para romper puertas. De entrada, uno de los dos caballeros se encontraba en su vehículo de motor, fuera de la propiedad, y uno de los agentes del "entry team" le ordena bajar de su auto y que pase a la marquesina.

Cuando llega el vehículo donde estaba la testigo, alrededor de uno a dos minutos luego de que llegara el resto del equipo, los oficiales del "entry team" custodiaban a las tres personas dentro de la marquesina.

En esas circunstancias, con al menos siete armas de fuego entre armas largas y cortas, custodiando a los ocupantes de la propiedad, es que la testigo indica que cuando el peticionario la ve, se levanta y sale corriendo hacia adentro de la casa.

En el contrainterrogatorio, cuando confrontan a la agente con las inconsistencias drásticas en su testimonio, recurre al "no recuerdo".

Una vez declara la agente que llegan **todos juntos**, hace más creíble la versión de que al ver a los agentes que llegan, se levanta a correr hacia el interior el peticionario. Al confrontarla con el video, lo que pretende el Pueblo que el juzgador crea es que el peticionario retó la autoridad de sobre seis agentes fuertemente armados que se quedaron impávidos ante el acto de correr hacia adentro de la casa.

**El suscribiente no es tan inocente como para creer esta declaración que nadie más creería**, por lo que hubiese expedido el recurso ante nuestra consideración y hubiese revocado la determinación recurrida, ordenando la supresión de la evidencia ocupada según fuera presentada por la agente Berríos Mercado.

Por lo anteriormente esbozado me aparto de la determinación de mis compañeros de panel, y muy respetuosamente, *DISIENTO*.


CARLOS G. SALGADO SCHWARZ
JUEZ DE APELACIONES